IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IPF AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:06cv 616-MHT SRW |
| ) | |
| EISENMANN CORPORATION and ) | |
| HYUNDAI MOTOR ) | |
| MANUFACTURING OF ALABAMA, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

RECEIVED
2006 JUL 13  A 10:55
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

## NOTICE OF REMOVAL

Defendant Eisenmann Corporation (hereafter referred to as "Eisenmann"), pursuant to 28 U.S.C. §1446, hereby files this Notice of Removal of this case from the Circuit Court of Montgomery County, Alabama, Civil Action Number: CV-06-1618, where it is currently pending, to the United States District Court for the Middle District of Alabama. This cause is removable pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship between Plaintiff and the properly named and served Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Defendant respectfully shows the Court as follows:

1. IPF America, Inc. ("Plaintiff") instituted this civil action in the Circuit Court of Montgomery County, Alabama on, or around, June 8, 2006.

2. A true and correct copy of all process and pleadings as served upon Eisenmann on June 19, 2006 are attached hereto as Exhibit "A" and are incorporated herein by reference.

01360841.1

1

3. This action against Eisenmann could have been originally filed in this Court pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship between Plaintiff, Eisenmann and Hyundai Motor Manufacturing, LLC and the amount in controversy exceeds the jurisdictional threshold.

4. This Notice of Removal is filed within thirty (30) days after receipt by Eisenmann of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. §1446(b).

5. The United States District Court for the Middle District of Alabama, Northern Division, is a federal judicial district embracing the Circuit Court of Montgomery County, Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §81(b)(1) and 1441(a).

## DIVERSITY OF CITIZENSHIP

6. Plaintiff, IPF America, Inc., is a Georgia corporation with its principal place of business in Georgia.

7. Defendant Eisenmann is a Delaware Corporation with its principal place of business in Crystal Lake, Illinois. Pursuant to 28 U.S.C. §1332(c)(1), Eisenmann is a citizen of the State of Illinois. As a result, Eisenmann is not now, and was not at the time of the filing of the Complaint, a citizen or resident of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

8. Hyundai Motor Manufacturing Alabama, LLC ("HMMA") is a Delaware limited liability company with its principal place of business in Montgomery, Alabama.

9. Diversity of citizenship is present because Plaintiff is a resident of Georgia, Eisenmann is a resident of Illinois and HMMA is a resident of Alabama.

## AMOUNT IN CONTROVERSY

10. Plaintiff's Complaint alleges claims for breach of contract, a materialman's lien under Ala. Code (1975) § 35-11-210 et seq., and violation of the Alabama Prompt Pay Act, Ala. Code (1975) § 8-29-2 et seq., plus interest, attorneys' fees and court costs in an amount over $4.3 million. (Complaint ¶¶ 4-9). Therefore, on the face of the complaint itself the $75,000 jurisdictional threshold has been satisfied.

11. For the foregoing reasons, it is clear that the jurisdictional amount for diversity jurisdiction is met in this case. If any question arises as to the existence of the requisite amount in controversy, then Eisenmann requests the opportunity to submit post-removal evidence in accordance with the procedure adopted by the Eleventh Circuit. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## MISCELLANEOUS

12. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama, as provided by law, and written notice is being sent to Plaintiff's counsel.

13. Defendant has not sought similar relief.

14. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

15. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Alabama, and

01360841.1

this cause is removable to the United States District Court for the Middle District of Alabama.

16.   If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Eisenmann, by and through its counsel, desires to remove this civil action to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division for the county in which such civil action is pending,

Respectfully submitted this 12th day of July, 2006.

Peck Fox
T. Louis Coppedge
Attorneys for Defendant
Eisenmann Corporation

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
Phone: (205) 254-1000

## CERTIFICATE OF SERVICE

      I hereby certify I have served a copy of the foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and first class postage pre-paid on this the 12th day of July, 2006.

Jeulia E. Hendrick
P.O. Box 877
Wetumpka, Alabama 36092

William S. Fishburne
Burr & Forman, LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203

OF COUNSEL