IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IPF AMERICA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 06-cv-00616-MHT-SRW |
| ) | |
| EISENMANN CORPORATION ) | |
| AND ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| OF ALABAMA, L.L.C., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF LAW OF PLAINTIFF
IPF AMERICA, INC. IN SUPPORT OF MOTION TO REMAND

I.      INTRODUCTION

Plaintiff, IPF America, Inc (hereinafter referred to as IPF), submits this Memorandum of Law in support of Plaintiff's motion to remand this matter to the Circuit Court of Montgomery, Alabama. Both Defendants have joined in this cause seeking to invoke Federal Subject Matter Jurisdiction on the basis of diversity of citizenship. Plaintiff has filed a motion to remand this matter and the Court has set this matter for adjudication on submitted briefs.

II.     ISSUES BEFORE THE COURT.

The sole issue raised by the Defendants in this matter is whether or not diversity jurisdiction exists in this case pursuant to 28 U.S.C. 1332. Plaintiff raises two issues on their motion to remand. First, Plaintiff maintains that there is not diversity of citizenship in this matter sufficient to invoke the provisions of 28 U.S.C. 1332. Plaintiff further

raises the issue that in the event diversity is found to exist, Defendants are still barred from proceeding in federal court under the provisions of 28 U.S.C. 1441(b).

III.   ARGUMENTS

The Defendants claim that the Court has jurisdiction over this matter under 28 U.S.C. 1332 wherein it states "(a) the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states … " All parties herein would agree that the amount in controversy has been met so the focus is shifted to the residency issue.  For purposes of establishing residency of the Plaintiff and of Defendant Eisenmann, the Court looks to 28 U.S.C. (c)(1) which states "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ..."

Under the provisions of this rule, the Plaintiff is a considered a resident of the State of Georgia where it was incorporated and the State of Alabama where it maintains its principal place of business (Attached Exhibit-A).  The Defendant Eisenmann is a resident of the State of Delaware where it was incorporated and of the State of Illinois where it maintains its principal place of business. However, the Defendant, HMMA, is a limited liability company that was organized under the laws of the State of Delaware. The Code does not specifically address the treatment of a limited liability company for purposes of residency.  However, the Supreme Court has stated that "a limited partnership is not in its own right a citizen of the State that created it within the meaning

of the federal diversity statute.  This Court has firmly resisted extending the well-established rule treating corporations as citizens to other artificial entities.  <u>Chapman v. Barney, 129 U.S. 677, 682.</u>"  The Supreme Court further stated in <u>Carden v. Arkoma Assocs., 494 U.S. 185</u> that "a federal court must look to the citizenship of a partnership's limited, as well as its general, partners to determine where there is a complete diversity."  In the present case, Defendant HMMA was formed in Delaware but runs its operation in Montgomery, Alabama where most of its partners resides as is evidenced by the Defendant's averment in paragraph nine of its notice of removal that it is a resident of the State of Alabama.

　　　　Plaintiff argues that both HMMA and Plaintiff are deemed residents of the State of Alabama for purposes of Federal diversity jurisdiction and as a result, diversity jurisdiction does not apply in this case.  In a case argued before the Supreme Court on October 11, 2005 and cited as <u>No. 04-712; Lincoln Property Co. v. Roche</u>, Justice Ginsburg delivered a unanimous decision that stated "Since Strawbridge v. Curtiss,3 Cranch 267, this Court has read the statutory formulation between … citizens of different States, 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants.  While § 1332 allows plaintiffs to invoke diversity jurisdiction, § 1441 gives defendants a corresponding opportunity.  The scales are not evenly balanced, however.  An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any party in interest properly joined and served as a defendant is a citizen of the State in which the action is brought."  Therefore, since Defendant HMMA is admittedly a resident of the State of Alabama and this action was originally filed in the

Circuit Court of Montgomery, Alabama, diversity jurisdiction is barred in this case pursuant to 28 U.S.C. 1441(b).

IV.    <u>CONCLUSION</u>

The Plaintiff maintains that there is no Federal Subject Matter Jurisdiction present in this case under the theory of Diversity of Citizenship and that diversity jurisdiction is the sole matter before the Court in this case.  In the absence of federal jurisdiction, 28 U.S.C. § 1447(c) states "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Plaintiff therefore maintains that in the absence of jurisdiction over this matter, the proper course of action is for the Court to remand it to the State Court for further proceedings.

This Memorandum of Law is respectfully submitted on this the 15th day of August, 2006.

    /s/ Robert W. Hendrick
Robert W. Hendrick   (HEN056)
Post Office Box 877
Wetumpka, Alabama  36092
(334) 263-0014

CERTIFICATE OF SERVICE

I hereby certify that I have served an exact copy of the Memorandum of Law to counsel for the Defendants by placing a copy of the same in the United States Mail, properly addressed and postage prepaid, to the addresses listed below on this the 15th day of August, 2006.

Alvin Latham (Peck) Fox, Jr.
Maynard Cooper & Gale, PC
201 Monroe Street, Suite 1650
Montgomery, Alabama  36104

Thomas Louis Coppedge
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama  35203-2618

Richard Neal, Esq.
700 Hyundai Blvd.
Montgomery, Alabama  36105

    /s/ Robert W. Hendrick
Robert W. Hendrick  (HEN056)

EXHIBIT-A

IPF America Inc. 7030 Fain Park Dr., Suite 8 Montgomery Al 36117



### Affidavit

I, Ronald Grosse, President of IPF America, Inc., having personal knowledge and not under any coercion or duress, certify the following as true:

1. I am an authorized agent for IPF America Inc. and live in Alabama since 2003.

2. IPF America Inc. established its primary place of business office in Montgomery, Alabama on or about October, 2003.

3. IPF America Inc. has maintained a staff of full time employees since inception.

4. IPF America, Inc. maintains its primary *and* only business office and staff of full time employees at 7030 Fain Park Dr., Suite 8, Montgomery, Al 36117.

Further, Affiant sayeth not. DONE this 11th day of August 2006.

Ronald Grosse, President
7030 Fain Park Drive, Suite 8
Montgomery, Alabama 36117

STATE OF ALABAMA )
                 )
COUNTY OF MONTGOMERY )

The Affiant, being first duly sworn, deposes and says on oath that the averments of the foregoing Affidavit are true and correct to the best of Affiant's knowledge, information, and belief.

RONALD GROSSE, President

SWORN TO AND SUBSCRIBED BEFORE ME on this 11th day of August 2006 at Montgomery, Alabama, witness my hand and official seal of office.

( SEAL )
Notary Public    State at large STATE OF ALABAMA AT LARGE
My Commission Expires: MY COMMISSION EXPIRES: Mar 9, 2010
                       BONDED THRU NOTARY PUBLIC UNDERWRITERS

IPF America Inc.
P O Box 250850
**Montgomery**
**Alabama 36125**

Member of:

INDUSTRIEPLANUNG FISCHER