IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IPF AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:06-cv-616-T |
| ) | |
| EISENMANN CORPORATION and ) | |
| HYUNDAI MOTOR ) | |
| MANUFACTURING OF ALABAMA, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT EISENMANN CORPORATION USA'S BRIEF IN SUPPORT OF PETITION TO TRANSFER LIEN

COMES NOW, Defendant Eisenmann Corporation USA ("Eisenmann") and submits this Brief In Support of The Petition to Transfer Lien and states as follows:

1. On August 14, 2006, Eisenmann filed its Petition To Transfer Lien showing that it had purchased a bond sufficient to satisfy any judgment in this lawsuit pursuant to Ala. Code (1975) § 35-11-233.

2. This Court entered an Order on August 15, 2006 setting for submission, without oral argument, with all briefs and evidentiary materials due by August 17, 2006.

3. In its Objection to Petition to Transfer Lien, IPF merely argues that this Court lacks subject matter jurisdiction to hear the Petition.

4. This Court does have jurisdiction to hear this Petition. Eisenmann properly removed this action from the Circuit Court of Montgomery, Alabama to this court pursuant to 28 U.S.C § § 1332 and 1441.

1

5. This Court has subject matter jurisdiction to hear this matter pursuant to 28 U.S.C § § 1332 and 1441 in that the Eisenmann, the only real party in interest as a defendant, is not a citizen of Alabama (Eisenmann is a citizen of Illinois), and there is complete diversity of citizenship between IPF (Georgia or Alabama) and Eisenmann (Illinois).[1]

6. Since this court has subject matter jurisdiction over the Plaintiff's claims in its complaint, it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to entertain Eisenmann's Petition To Transfer Lien. The statue provides as follows:

> **§ 1367.     Supplemental jurisdiction**
>
> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statue, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

7. The claims in the Petition to Transfer Lien are related to the Plaintiff's claims in this lawsuit in that the Petition exhibits that Eisenmann has served a bond sufficient to satisfy any judgments. The ultimate effort of the Petition would be to transfer the Plaintiff's lien from the Hyundai property to the bond. This would also necessitate the dismissal of HMMA as a party defendant.

8. The requirements of 28 U.S.C. § 1367 have been satisfied to allow this Court to exercise supplemental jurisdiction over the Petition To Transfer Lien.

---

[1] In order to not be repetitive, Eisenmann refers the Court to its Brief in Opposition To Motion To Remand, which is being filed simultaneously with this Brief, for its arguments and contentions regarding the subject matter jurisdiction of this Court to hear the underlying lawsuit.

/s/ T. Louis Coppedge
Peck Fox
T. Louis Coppedge
Attorneys for Defendant
Eisenmann Corporation

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
Phone: (205) 254-1000

**CERTIFICATE OF SERVICE**

I hereby certify I have served a copy of the foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and first class postage pre-paid on this the 17th day of August, 2006.

Robert W. Hendrick
Jeulia E. Hendrick
P.O. Box 877
Wetumpka, Alabama 36092

William S. Fishburne
Burr & Forman, LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203

/s/ T. Louis Coppedge
OF COUNSEL