IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IPF AMERICA, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: 2:06-cv-616-T |
| EISENMANN CORPORATION and HYUNDAI MOTOR MANUFACTURING OF ALABAMA, LLC, | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT EISENMANN CORPORATION'S BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

COMES NOW Defendant Eisenmann Corporation USA ("Eisenmann") and submits this Brief in Opposition to Plaintiff's Motion to Remand. For the reasons set forth herein, Plaintiff's Motion to Remand should be denied, and this case should remain in federal court due to the fact that this Court has subject matter jurisdiction in that there is complete diversity jurisdiction among the real parties in interest.

**FACTUAL BACKGROUND AND PROCEDURAL BACKGROUND**

1. On or about March 10, 2003, Hyundai Motor Manufacturing of Alabama, LLC ("HMMA") awarded Eisenmann a contract for work on the general assembly line on the Hyundai plant located in Montgomery, Alabama (the "Project").

2. On or about December 19, 2003, Eisenmann subcontracted portions of the general assembly line work on the Project by submitting a purchase order to IPF America, Inc. ("IPF").

3. Subsequently, disputes arose between Eisenmann and IPF concerning the obligation, rights and duties of the parties for work being done on the Project. These disputes

1

centered on warranty issues, failure to deliver equipment on the Project and the payment of certain subcontractors on the Project.

4.  On or about May 15, 2006, IPF filed a Verified Statement of Lien with the Probate Court of Montgomery County at RLPY 03319 PAGE 0246 concerning the Hyundai property located in Montgomery, Alabama.

5.  On June 6, 2006, IPF filed the instant lawsuit in the Circuit Court of Montgomery, Alabama.

6.  Eisenmann filed its Notice of Removal with this Court on July 13, 2006 pursuant to 28 U.S.C. § 1441 and asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

7.  IPF filed its Motion to Remand with this Court on July 27, 2006.

8.  On August 1, 2006, this Court ordered the parties to submit legal briefs and evidentiary materials on the issue of remand on or before August 17, 2006.

## ARGUMENT

The Plaintiff's basic argument for remand is that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because both HMMA and Plaintiff are residents of the State of Alabama, thereby defeating diversity jurisdiction. However, Plaintiff's arguments are misplaced for two reasons. First, HMMA is a nominal defendant in this action only being named as a party to the lawsuit due to a materialmen's lien on the Hyundai property. The real party in interest as a defendant in this proceeding is Eisenmann (a citizen of Illinois, not Alabama). Clearly Eisenmann and IPF are citizens of different states thereby satisfying the requirements of complete diversity. Additionally, under the Eleventh Circuit's test for determining a corporation's principal place of business, IPF should be considered a citizen of the State of Georgia.

1.  **There is Complete Diversity of Citizenship Between IPF and Eisenmann, the real parties in interest.**

When IPF filed this lawsuit, HMMA was included as a party defendant for the sole reason that the Plaintiff claimed a materialmen's lien on the Hyundai property pursuant to Ala. Code Ann. (1975) §§ 35-11-210 *et seq.* IPF is seeking no monetary relief from HMMA and its only claims in the lawsuit arise from the contract between Eisenmann and IPF. Additionally, Eisenmann has agreed to and is indemnifying HMMA in this lawsuit. HMMA and Eisenmann are both being represented by the same counsel.

More importantly, Eisenmann has filed a Petition to Transfer Lien pursuant to Ala. Code § 35-11-233(b) which would effectively remove HMMA as even a nominal party. The statute provides in pertinent part as follows:

> **§ 35-11-233. Assignment of lien; transfer of lien on real property to other security.**
>
> Any lien claimed on real property under this division may be transferred by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by first filing with the court in which the action is brought, a copy of the lien which has been duly filed and recorded as required by law, and by either:
>
> Depositing with the court in which the action is brought a sum of money; or Filing with the court a bond executed as surety by a surety insurer licensed to do business in this state, either of which shall be in an amount equal to the amount demanded in such claim of lien plus interest thereon at eight percent per year for three years plus $100.00 to apply to any court costs which may be taxed in any proceeding to enforce said lien.
>
> **Such deposit or bond shall be conditioned by pay any judgment or decree which may be rendered for the satisfaction of the lien for which such claim of lien was recorded and costs not to exceed $100.00. Upon making such deposit or filing such**

3

> bond the court shall make and record a certificate showing the transfer of the line from the real property to the security and mail a copy thereof by registered or certified mail to the lienor named in the claim of lien so transferred at the address stated therein. Within 10 days from the date of the receipt of the said certificate, the lienor may by motion, petition the court in which the action is pending for a hearing on the sufficiency of the amount in question or on the qualifications of the surety insurer. In such an event, the ruling of the court on the said motion, shall be a final determination. Upon the expiration of the said 10 days, or in the event a petition has been filed with the court, upon the determination of the court, and upon filing the certificate of transfer in the court where the lien was filed, the real property shall thereupon be released from the lien claimed and such lien shall be transferred to said security. The court shall be entitled to a fee for making and serving the certificate in the sum of $2.00. Any number of liens may be transferred to one such security.

Once the lien is transferred from the Hyundai property to the bond purchased by Eisenmann, HMMA will be due to be dismissed with prejudice from this lawsuit. This would render Plaintiff's arguments regarding this Court's lack of subject matter jurisdiction moot. The provisions of both 28 U.S.C. § 1332 and § 1441 would be satisfied for establishing that this Court had proper subject matter jurisdiction over this matter. Eisenmann is the only real party in interest properly joined and served as a defendant and is not a citizen of Alabama. *See* 28 § 1441(b). Furthermore, Eisenmann (Illinois) and IPF (Georgia or Alabama) are citizens of different states irrespective of the principal place of business of IPF. *See* 28 U.S.C. § 1332(a)(1). This Court clearly has subject matter jurisdiction over this matter.

2. **IPF's Principal Place of Business**

In its Memorandum of Law in Support of its Motion to Remand, IPF asserts that its principal place of business is in Alabama. This assertion is supported by the Affidavit of Ronald Grosse in which he states the following:

4

1.   IPF America established its primary place of business in Montgomery in October, 2003;

2.   IPF has maintained a staff of full-time employees since its inception; and

3.   IPF maintains its primary *and* only business office and staff of full-time employees at 7030 Fair Park Drive, Suite 8, Montgomery, Alabama 36117.

Eisenmann admits that this affidavit on its face is difficult to refute. However, IPF is currently listing conflicting information on the internet and in newsletters. On http://www.ip-fischer.de/10456473803.html, IPF's parent's website, it states that "IPF America, Inc., **based in Norcross Georgia** was founded in 2003 as a subsidiary of the international engineering company IndustriePlanung Fischer AG." *See* Exhibit A. It also lists IPF America, Inc.'s principal place of business as an address in Norcross, Georgia and that its "site office" is in Montgomery, Alabama. *See* Exhibit A. Additionally, in a newsletter found at http:www.gaccsouth.com/index.php?id=190&L=1, states that IPF America, Inc. was founded in Norcross, Georgia and lists its only address as being in Norcross, Georgia. *See* Exhibit B.

The test for determining a corporation's principal place of business in the context of determining the citizenship of the corporation for purposes of diversity jurisdiction is set forth in Moore's Federal Practice – Civil § 102.54. This Court must follow the 11th Circuit which uses the same test as the 5th Circuit which is the "Total Activity Test." The Total Activity Test is a combination of the "nerve center test" and the "place of activity test." *See Vareba Investment, N.V. v. American, Inv. Properties, Inc.*, 724 F.2d 907 (11th Cir. 1984); *see also Bel-Bel Int'l v. Community Bank*, 162 F.3d 1101, 1106-07 (11th Cir. 1998) (analyzing a company's principal place of business using the "total activity test"). Under these tests, the determination of a corporation's principal place of business is a factual inquiry based on a number of factors

including: where they pay taxes, where its corporate/home offices is located, where it primarily performs services, etc. *See, e.g., J.A. Olson Co. v. Winona*, 818 F.2d 401, 404 (5th Cir. 1987) (detailed overview of PPB tests and how they work).

In the instant case, we have conflicting and incomplete evidence concerning IPF's principal place of business. What is said in the Affidavit of Ronald Grosse conflicts with public information disseminated by IPF. Additionally, the affidavit does not contain enough factual information to determine IPF's principal place of business. Should the Court find it necessary to reach the question of IPF's principal place of business,[1] then it would be prudent for the Court to hold an evidentiary hearing to determine IPF's true principal place of business under the "Total Activity Test."

## CONCLUSION

For the reasons set forth herein, Eisenmann respectfully requests that this Court deny IPF's Motion to Remand in that the requirements of 28 U.S.C. §§ 1332 and 1441 have been satisfied. Alternatively, Eisenmann requests that this Court hold an evidentiary hearing to determine the true and actual principal place of business of IPF.

/s/ T. Louis Coppedge
Peck Fox
T. Louis Coppedge
Attorneys for Defendant
Eisenmann Corporation

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
Phone: (205) 254-1000

---

[1] Eisenmann contends there is no need to reach the issue in that Eisenmann is the only real party defendant in interest, and there is no need to take HMMA's citizenship in consideration.

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and first class postage pre-paid on this the 17th day of August, 2006.

Robert W. Hendrick
Jeulia E. Hendrick
P.O. Box 877
Wetumpka, Alabama 36092

William S. Fishburne
Burr & Forman, LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203

/s/ T. Louis Coppedge
OF COUNSEL

01376697.1