IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
IPF AMERICA, INC.,            )
                              )
    Plaintiff,                )
                              )
                              )       CIVIL ACTION NO.
    v.                        )       2:06cv616-MHT
                              )            (WO)
EISENMANN CORPORATION and     )
HYUNDAI MOTOR MANUFACTURING   )
OF ALABAMA, L.L.C.,           )
                              )
    Defendants.               )
```

## ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C.A. §§ 1332 (diversity of citizenship) 1441 (removal).

Although § 1441 provides for removal based upon diversity of citizenship, subsection (b) of § 1441 precludes removal where one or more of the defendants is a citizen of the State wherein the action is brought. Subsection (b) specifically provides that any action other than one based on federal-question jurisdiction "shall be removable only if none of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought." Because it appears that defendant Hyundai Motor Manufacturing of Alabama, L.L.C. is a citizen of Alabama and because this lawsuit was initiated in an Alabama court, subsection (b) precludes removal to this federal court unless said defendant is an improper party.

The court, however, agrees with plaintiff IPF America, Inc. that Hyundai Motor Manufacturing of Alabama, L.L.C. is not a nominal defendant and thus there has been neither fraudulent joinder, Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff IPF America, Inc.'s motion to remand (Doc. no. 3) is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

The petition to transfer lien (doc. no. 6) is left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 18th day of August, 2006.


                     /s/ Myron H. Thompson
                    **UNITED STATES DISTRICT JUDGE**