IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IPF AMERICA, INC., ) | |
| ) | |
| Plaintiff/Counterclaim ) | |
| Defendant, ) | |
| ) | |
| v. ) | CASE NO.: 2:06-cv-616-T |
| ) | |
| EISENMANN CORPORATION ) | |
| ) | |
| Counterclaim Plaintiff/ ) | |
| Defendant, ) | |
| ) | |
| HYUNDAI MOTOR ) | |
| MANUFACTURING OF ALABAMA, ) | |
| LLC, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| ANGELIKA AMEND, as trustee for ) | |
| the bankruptcy estate of ) | |
| Industrieplanung Fisher AG, ) | |
| ) | |
| Third Party Defendant. ) | |

**DEFENDANT EISENMANN CORPORATION USA'S ANSWER, COUNTERCLAIM
AND THIRD PARTY COMPLAINT**

COMES NOW Defendant Eisenmann Corporation USA ("Eisenmann"), and hereby responds to the allegations set forth in the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1.  Eisenmann is without knowledge to admit or deny the averments of paragraph 1 of the Complaint and therefore denies the same and demands strict proof thereof.

1

2. Eisenmann admits the allegations contained in paragraph 2 of the Complaint. Eisenmann would further state that it is a Delaware corporation with its principal place of business in Crystal Lake, Illinois.

3. Eisenmann admits the averments of paragraph 3 of the Complaint and would state that the contract between the parties speaks for itself.

4. Eisenmann denies the averments of paragraph 4 of the Complaint and therefore denies the same and demands strict proof thereof.

5. Admitted, but Eisenmann disputes that IPF is entitled to said lien.

6. Admitted, but Eisenmann disputes that IPF is entitled to said lien.

7. Admitted, but Eisenmann disputes that IPF is entitled to said lien.

8. Denied.

9. Denied.

10. Eisenmann denies that IPF is entitled to the relief requested in Plaintiff's prayer for relief contained in the Complaint. Eisenmann further denies that IPF is entitled to any compensatory damages or any other, or further, relief.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, consent, acquiescence, laches and unclean hands.

### FOURTH DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

01369312.1

## FIFTH DEFENSE

Eisenmann pleads payment.

## SIXTH DEFENSE

Eisenmann pleads the applicable statute of limitations.

## SEVENTH DEFENSE

Plaintiff's claims are preempted by state statutory law.

## EIGHTH DEFENSE

Plaintiff's claims are subject to set-off.

## NINTH DEFENSE

Eisenmann reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing averments in the Complaint have not been expressly admitted or denied, they are hereby denied.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT

Defendant/Counterclaim Plaintiff, Eisenmann Corporation USA ("Eisenmann") files its Counterclaim against Plaintiff IPF America, Inc. ("IPF America") and Counterclaim Defendant Industrieplanung Fischer AG ("IPF Germany"), pursuant to Rule 13(a) of the Federal Rules of Civil Procedure and for its Counterclaim and Third Party Complaint states as follows:

### The Parties and Jurisdiction

1.   Defendant/Counterclaim Plaintiff, Eisenmann, is a Delaware corporation with its principal place of business in Crystal Lake, Illinois.

2.   Plaintiff/Counterclaim Defendant, IPF America, is a Georgia corporation with its principal place of business in Georgia.

3

01369312.1

3.  IPF Germany is a German stock corporation with its principal place of business in Friedrichsdorf, Germany. IPF Germany owns 100% of the stock of IPF America. IPF Germany has numerous contacts with the forum state through its agents and employees. On June 30, 2006, IPF Germany filed bankruptcy in Germany. *See* Adjudication Order, a copy of which is attached as Exhibit A (both the German and English translations).

4.  Third Party Defendant, Angelika Amend is the bankruptcy trustee for the IPF Germany case, and by German law must be made a party.

5.  This Court has jurisdiction over all these parties in that all of the claims contained in Eisemann's counterclaim arise out of the same transaction, occurrence or events as the Plaintiff's claims as set forth in Rules 13(a) and 14(a) of the Federal Rules of Civil Procedure. This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1367 and 1441.

## FACTUAL BACKGROUND

6.  On March 10, 2003, Hyundai Motor Manufacturing of Alabama, LLC ("HMMA") awarded Eisenmann a contract on the Hyundai plant located in Montgomery, Alabama (the "Project"), a copy of that Agreement is attached hereto as Exhibit B. Later that same year, Eisenmann and IPF Germany began discussions to subcontract to IPF Germany a portion of the work on the Project. Between April, 2003 and December, 2003, Eisenmann and IPF Germany engaged in negotiations over the terms of the portion of the Project to be completed by IPF Germany. During these negotiations, IPF Germany through its officers and directors represented to Eisenmann's officers and directors that IPF Germany had the financial and operational capabilities to properly perform the work at the Hyundai plant, and that IPF Germany was experienced in the international market in performing this type of work.

Eisenmann relied on these representations in making the determination to subcontract the work to IPF America.

7. On or about May 28, 2003, IPF Germany established IPF America, Inc., as a Georgia corporation.

8. Upon information and belief, IPF America was established by IPF Germany initially merely to have an address in the United States and was not equipped with assets and/or employees sufficient to complete the IPF Portion of the Project.

9. Upon information and belief, the officers and directors of IPF America were/are employees of IPF Germany. IPF America did not and does not have sufficient assets to complete its scope of work on the Project pursuant to the Agreement (as defined below). IPF Germany and IPF America acted in concert and as a joint enterprise with respect to all actions, laws and omissions pertinent to this Counterclaim, as well as the allegations contained in Plaintiff's Complaint. IPF America is the alter ego of IPF Germany for the purpose of the facts alleged in this Counterclaim as well as the Plaintiff's Complaint.

10. On or about December 19, 2003, Eisenmann awarded a contract for certain portions of the general assembly line on the Project by submitting a purchase order to IPF America (the "Agreement"). (A copy of this subcontract is attached hereto as Exhibit C).

11. The Agreement specifically states that the HMMA terms and conditions (the "HMMA contract") apply to and are incorporated in the Agreement. Section 19.9 of Part II of the HMMA contract provides that no liens shall be placed on the Hyundai property. Therefore, IPF America had a duty not to file a lien on the Hyundai property. Additionally, the Agreement between IPF and Eisenmann contains a provision preventing IPF America from filing a lien. *See* Exhibit C, Section 22.

### Compulsory Counterclaim

12.  Between April, 2003 and June, 2006, IPF America and IPF Germany performed services and supplied products to Eisenmann pursuant to the Agreement in the context of the Project. IPF Germany was directly involved in the implementation of the portion on the Project described in the Agreement.

13.  During the time work was being performed by IPF America and IPF Germany on the Projects, issues arose concerning IPF America's ability to fulfill the Agreement. The marriage plates supplied to Eisenmann by IPF America and IPF Germany pursuant to purchase order 71951-BK were defective and in breach of the express warranty provided in Sections 20.2 and 20.3 of the Agreement as well as the implied warranties of merchantability and fitness for a particular purpose (*see* Exhibit C). The defective marriage plates caused damage to 40 scissors lift tables resulting in direct costs associated with this breach of warranty is equal to approximately $170,000. Additionally, Eisenmann will have to replace the defective marriage plates and subsystem at a cost of approximately $1,387,496 to cure and correct the defective services and products supplied by IPF America and IPF Germany.

14.  IPF America and IPF Germany failed to deliver platform A/C filling as part of the platform/mezzanine for process equipment in accordance with purchase order 71951-BK. The direct costs incurred by Eisenmann in purchasing and installing this equipment are approximately $90,000 which include the costs of the equipment plus necessary engineering, layout and installation costs.

15.  The VIN marking machine supplied to Eisenmann by IPF America and IPF Germany pursuant to the Agreement was defective and in breach of the express warranty provided in Sections 20.2 and 20.3 of the Agreement as well as the implied warranties of

merchantability and fitness for a particular purpose. The direct costs incurred by Eisenmann in purchasing and installing this equipment are approximately $360,000 which include the costs of the equipment plus necessary engineering, layout and installation costs.

16. Subsequently, these disputes as well as others arose between Eisenmann and IPF America and IPF Germany concerning the obligations, rights and duties of the parties under the Agreement on the Project. These disputes concerned the aforementioned breach of warranties and failure to deliver equipment as well as the payment of certain subcontractors on the Project.

17. On May 15, 2006, IPF America filed a Verified Statement of Lien with the Montgomery County, Alabama Probate Court on the Hyundai property claiming over $4,300,000 was owed to them by Eisenmann. IPF America breached the Agreement by filing this lien.

18. On June 8, 2006, IPF America filed a lawsuit in the Circuit Court of Montgomery County, Alabama for amounts allegedly owed to IPF America from Eisenmann. The total amount claimed is over $4,300,000. IPF America claims amounts due for work performed by its subcontractors, even though IPF America has not paid this amount. IPF America also claims amounts due for work performed by both it and IPF Germany on the Project.

**Permissive Counterclaim**

19. Separate and distinct from the Project, IPF Germany and IPF America owe Eisenmann approximately $805,742.76 arising out of six agreements between IPF Germany and Eisenmann Fodertechnik GmbH & Co. KG ("Eisenmann Germany") concerning other construction projects internationally. On June 29, 2006, Eisenmann Germany assigned to Eisenmann its claims for the $805,742.76 owed from IPF Germany. *See* Exhibit D, as the inter-company assignment from Eisenmann Germany to Eisenmann. Eisenmann now asserts its claim

7

01369312.1

for the $805,742.76 by way of set-off of any amount that may be due to IPF America. Since IPF America is the alter ego of IPF Germany, the set-off claim is being made against both entities.

20. On information and belief, IPF Germany fraudulently transferred substantially all of its assets to IPF America, and then filed for bankruptcy protection in Germany to avoid having to pay its debts. Eisenmann asserts that this transfer of assets was a fraudulent conveyance in violation of law.

### COUNT I - Breach of Contract

21. Eisenmann incorporates by reference paragraphs 1-20 above.

22. IPF America breached Section 22 of the Agreement by filing a mechanics lien on the Hyundai Property. IPF also breached the Section 22 of the Agreement by violating the HMMA terms and contracts. Eisenmann has incurred costs exceeding $10,000 in securing a bond to replace the lien on the Eisenmann Property.

23. As set forth in paragraph 14 of the Counterclaim above, IPF America failed to deliver equipment thereby breaching the Agreement which has cost Eisenmann $90,000.

**WHEREFORE, PREMISES CONSIDERED,** Eisenmann requests this Court to enter a judgment against IPF America and IPF Germany for approximately $100,000, plus interest, attorneys' fees, the cost of this action, and such further relief that the Court deems just and appropriate.

### COUNT II – Breach of Warranty

24. Eisenmann incorporates by reference paragraphs 1-23 above.

25. As set forth above in paragraphs 13-15, IPF America breached its warranty obligations under the Agreement to Eisenmann, and Eisenmann has been damaged thereby.

**WHEREFORE, PREMISES CONSIDERED,** Eisenmann requests this Court to enter a judgment against IPF America and IPF Germany in an amount not less than $207,496, plus interest, attorneys' fees, the cost of this action, and such further relief that the Court deems just and appropriate.

### COUNT III – Set-Off

26. Eisenmann incorporates by reference paragraphs 1-25 above.

27. As set forth in paragraph 19 above, Eisenmann claims a set-off of $2,300,000 by debt owed from IPF Germany.

**WHEREFORE, PREMISES CONSIDERED,** Eisenmann requests this Court to enter a judgment against IPF America and IPF Germany in an amount not less than $2,300,000, plus interest, attorneys' fees, the cost of this action, and such further relief that the Court deems just and appropriate.

### COUNT IV – MISREPRESENTATION

28. Eisenmann incorporates by reference paragraphs 1-27 above.

29. During the course of negotiations for the Project, Counterclaim Defendants IPF America and IPF Germany made false representations concerning existing material facts with regards to their experience and capability to perform services and deliver goods in an international project. Counterclaim Defendants IPF America and IPF Germany knew that its representations were false and misleading. Counterclaim Defendants IPF America and IPF Germany made these representations negligently, wantonly, recklessly and fraudulently, in an effort to induce Eisenmann to agree to perform the scope of work on the Project for a reduced price. Eisenmann reasonably relied to their detriment upon Counterclaim Defendants IPF America and IPF Germany's fraudulent representations.

01369312.1

**WHEREFORE, PREMISES CONSIDERED,** Eisenmann requests this Court to enter a judgment against IPF America and IPF Germany in an amount not less than $3,000,000, plus interest, attorneys' fees, the cost of this action, and such further relief that the Court deems just and appropriate.

/s/ T. Louis Coppedge
Peck Fox
T. Louis Coppedge
Attorneys for Defendant
Eisenmann Corporation

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
Phone: (205) 254-1000

01369312.1

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and first class postage pre-paid on this the 18th day of August, 2006.

Robert W. Hendrick
Jeulia E. Hendrick
P.O. Box 877
Wetumpka, Alabama 36092

William S. Fishburne
Burr & Forman, LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203

/s/ T. Louis Coppedge
OF COUNSEL